UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KARL V. FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-10117-RGS |
| | ) | |
| NEAL D. GOLDMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Neal D. Goldman ("Goldman") answers the Re-Numbered Amended Complaint of Plaintiff Karl V. Farmer ("Farmer") through counsel as follows:

### FIRST DEFENSE

The Re-Numbered Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Goldman answers the allegations of the Re-Numbered Amended Complaint as follows:

1.      Responding to the allegations of Paragraph 1, Goldman admits that he held the titles of executive vice president, general counsel, and chief administrative officer with Polaroid Corporation ("Polaroid"), and that he was appointed chairman of a committee which served as plan administrator for Polaroid's employee benefit plans. Goldman denies the remaining allegations of the first two sentences of Paragraph 1. The allegations of the third sentence set forth a conclusion of law which requires no response.

2.      Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 2 and, on that basis, denies them.

3-5.    Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraphs 3-5 and, on that basis, denies them.

6.    Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 6 and, on that basis, denies them.

7.    Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 7 and, on that basis, denies them.

8.    Responding to the allegations of Paragraph 8, Goldman admits that in or around August, 2001, senior management held meetings to inform employees about Polaroid's current situation, goals, restructuring efforts, and strategic alternatives (including a possible Chapter 11 bankruptcy filing). Goldman denies the remaining allegations of Paragraph 8.

9.    Responding to the allegations of Paragraph 9, Goldman admits that he spoke to a meeting of Polaroid employees that was held at 201 Burlington Road, Bedford, Massachusetts. Goldman lacks knowledge and information sufficient to form a belief about the remaining allegations of Paragraph 9 and, on that basis, denies them.

10-14.  Goldman denies the allegations of Paragraphs 10-14.

15-18.  Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraphs 15-18 and, on that basis, denies them.

19.    Responding to the allegations of Paragraph 19, Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of the first four sentences and, on that basis, denies them. Further responding, Goldman admits the allegations of the fifth sentence, and denies the allegations of the sixth sentence.

20.    Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraphs 20 and, on that basis, denies them.

21. The allegations of Paragraph 21 set forth a conclusion of law concerning an alleged "breech [sic] of fiduciary responsibility" which requires no response. To the extent Paragraph 21 may contain factual allegations, Goldman denies those allegations.

22. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 22 and, on that basis, denies them.

23. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 23 and, on that basis, denies them.

24. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24 and, on that basis, denies them.

25. Goldman admits the allegations of Paragraph 25.

26. Goldman denies the allegations of Paragraph 26.

27. Goldman lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 27 and, on that basis, denies them.

28. The allegations of Paragraph 28 set forth a conclusion of law concerning an alleged "breech [sic] of fiduciary responsibility" which requires no response. To the extent Paragraph 28 may contain factual allegations, Goldman denies those allegations.

29-33. Responding to the allegations of Paragraphs 29-33, Goldman states that the alleged deposition was transcribed, and the transcript speaks for itself. To the extent the allegations of Paragraphs 29-33 mischaracterize the transcript, Goldman denies those allegations.

34. Goldman denies the allegations of Paragraph 34.

35. The allegations of Paragraph 35 set forth a conclusion of law concerning an alleged "breech [sic] of fiduciary responsibility" which requires no response. To the extent

Paragraph 35 may contain factual allegations, Goldman denies those allegations. The request for relief requires no response.

### THIRD DEFENSE

Goldman spoke as a corporate executive about Polaroid's current situation, goals, restructuring efforts, and strategic alternatives, and not in a fiduciary capacity.

### FOURTH DEFENSE

Goldman made no statement upon which Farmer reasonably could have relied. By the time he accepted the severance package offered in connection with his termination from Polaroid ($34,541.70 before taxes and deductions), Farmer knew or should have known about Polaroid's unclear future, including the risk that Polaroid would declare bankruptcy. Farmer himself was being terminated involuntarily. In speaking to employees, Goldman was forthcoming about Polaroid's financial condition, the need for restructuring, and the possibility of filing for Chapter 11 bankruptcy protection. Goldman did not provide any guarantee, assurance, or advice that involuntarily terminated employees would continue to receive severance under any and all circumstances.

### FIFTH DEFENSE

Farmer's claim is barred to the extent that any position he might have been offered within Polaroid did not survive Polaroid's bankruptcy and the subsequent sale of its business.

### SIXTH DEFENSE

The relief sought by Farmer is unavailable from Goldman personally.

### SEVENTH DEFENSE

Any relief is limited to what Farmer would have received in severance pay following his involuntary termination, less amounts he received or was eligible to receive under a severance program authorized by the bankruptcy court.

### EIGHTH DEFENSE

Farmer's claim is barred to the extent he failed to mitigate damages.

### NINTH DEFENSE

Any relief must be reduced by amounts Farmer has received from other sources.

### TENTH DEFENSE

Third parties caused or contributed to any injury Farmer sustained.

### ELEVENTH DEFENSE

Farmer's purported claim is barred by the statute of limitations.

### TWELFTH DEFENSE

Goldman reserves the right to defend on the basis that he relied on the advice of counsel.

### THIRTEENTH DEFENSE

To the extent Farmer purports to make any claim under state law, the Employee Retirement Income Security Act of 1974 preempts any such purported claim.

NEAL D. GOLDMAN

By his attorneys,

/s/ Michael R. Pontrelli
Michael R. Pontrelli (BBO #549194)
Claire D. Bishop (BBO # 660363)
 Foley & Lardner LLP
 111 Huntington Avenue
 Boston, MA 02199
 (617) 342-4000

Dated:  April 26, 2005

5