UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARL V. FARMER, ) | |
| Plaintiff, ) | |
| ) | 05-10117RGS |
| v. ) | CIVIL ACTION NO. 1:04-cv-00441-SM |
| NEAL D. GOLDMAN ) | |
| Defendant. ) | |

## Motion for Summary Judgment

Synopsis of what happened:

At a meeting on or about August 15, 2001, Neal Goldman, vice president and head of corporate Human Resources gave a presentation.

The main inputs given at the meeting via presentation or answers to questions were:

    Polaroid had no intentions at that time to file for bankruptcy.

    As far as he (Neal D. Goldman) knew, if Polaroid did file for bankruptcy the court would allow the payment of severances.

Karl made the decision to accept the severance program and leave Polaroid.

On October 12, 2001 Polaroid filed for chapter 11 bankruptcy protection. Polaroid terminated all severance programs and retiree health and welfare benefits.

Karl contends Neal Goldman breeched his fiduciary responsibility as the plan administrator by not informing Karl that Polaroid was not going to honor the severance agreement.

With the proper information Karl would have taken another position in Polaroid and would have maintained his salary and benefits and would still be an active Polaroid employee. Also it is likely Karl would have received performance bonuses and/or increases over the last two-three years.

## ADDITIONAL EVIDENCE

- Polaroid was in fact discussing bankruptcy at least as far back as June 2001.
- The law firm that performed the legal counsel for Polaroid during the chapter 11 bankruptcy protection proceedings was hired in July of 2001.
- In August 2001 Polaroid offered past Polaroid Corporate officers a % on the dollar buy-out for their interest in the company.
- On or about October 7, 2001 Polaroid met with the Polaroid Retirees Association (PRA) board of directors with notification of intent to terminating all retirees' health and welfare benefits as of October 31, 2001.
- In the deposition of Neal Goldman Tuesday, April 2, 2002, previously presented to this court, Neal agrees to be a fiduciary and also admits to not considering his fiduciary responsibilities in regard to this issue..

## RESPONSE TO ANSWERS

In the answers to the complaint Neal Goldman, through his attorney:

1. Did not recall some of the specifics -- that does not mean they did not happen.
2. Contends that making a presentation as a corporate officer relieves him of his

fiduciary responsibility – I disagree.

Neal does not prove or disagree that any of the accounts of the complaint or not factual or true.

Karl V Farmer is moving for a settlement against Neal D. Goldman for the breech of fiduciary responsibility of $750,000.00 or whatever relief this court deems appropriate.

KARL V. FARMER, pro se

_____

30 Sawyer Rd.

Hampstead, NH 03841

(603) 329-1165

Dated: June 8, 2005

Cc: to Neal D. Goldman

By his attorney,

Michael R. Pontrelli

Foley & Lardner, LLP

111 Huntington Avenue

Boston, Massachusetts 02131

(617) 342-4000